AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| LAINIE MORTON | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| DAVID COHEN and ABOVE ALL BEAUTY LLC | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ABOVE ALL BEAUTY LLC 600 North Bicycle Path Unit C, Port Jefferson Station New York, 11776

David Cohen 600 North Bicycle Path Unit C, Port Jefferson Stateion New York, 11776

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: **10/22/2017**

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LAINIE MORTON

                             Plaintiff,

v.

DAVID COHEN, AND ABOVE ALL BEAUTY
LLC.


-------------------------------------------------------------X

Index No.

**CIVIL COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff, Lainie Morton, ("Morton"), by and through her undersigned attorneys, J. Iandolo Law, PC as and for its Complaint against David Cohen ("Cohen") and Above All Beauty LLC ("Beauty") (collectively referred to as "Defendants") alleges as follows:

<u>PRELIMINARY STATEMENT</u>

1.      This action is for breach of contract, conversion, unjust enrichment, accounting, negligent misrepresentation, and breach of fiduciary duty; arising out of Cohen's fraudulent procurement of Morton's monies for unintended purposes and Defendant's latter refusal to remit payment for the aforesaid advancement.

2.      Morton is an elderly lady, whom owns and operates a small business; specifically a beauty salon located in Florida; whereby she provides both a salon service and sells beauty supplies.

3.      After years of operating the aforesaid business, Morton was approached by an agent of Cohen, whereby, she was solicited to invest $130,000.00 into a New York business; specifically, Above All Beauty LLC (hereinafter referred to as "Beauty").

4.      Prior to entering into the fraudulent agreement, its principal  Cohen made multiple representations to Morton, as to what the monies would be utilized for, and that Morton's investment would secure her fifty percent ownership of Beauty. However, at no time after Morton advanced the monies to Defendant was she ever given corporate shares and/or any documentation evidencing here ownership.

5.      Agreeing to the aforesaid terms, and at Defendant's direction, Morton sent Cohen two "wire transfers."  The first was on November 29, 2016 in the amount of $30,000.00 and the second on December 12, 2016 in the amount of $100,000.00; totaling the amount of $130,000.00.  Thereafter, Defendant sought additional monies, however, Morton failed to comply with Defendants requests. As Defendants failed to provide Morton with any documentation of ownership and Morton believed that Defendant was in fact a fraud, and devised the plain to procure Morton's monies.

6.      Defendant's repaid Morton the sum of $2,000.00 between November 29, and December 12, 2016.  However, it is upon information and belief that this was solely an attempt to fraudulent procure Morton's second advancement of $100,000.00.

7.      Since Morton has advance Cohen the aforesaid monies, it is upon information and belief that Beauty has been operating at a profit from year to year. Specifically, Morton has knowledge that Beauty's products are being sold in CVS stores located in Nebraska.

8.      It is upon information and belief that Morton was the victim of fraud, in which Cohen deceived Morton, via his agents and corporate entities; whereby, Cohen made representations that the Morton's advanced monies were secure, and would have been returned to her, in the form of profit.  However, Defendant has fraudulently concealed relevant information in an attempt not to pay Morton.

9.      Cohen and/or Beauty have failed to account to Morton for any of the monies advanced, even after multiple requests.

10.     In the past few months, Morton has made numerous requests on Defendants to remit payment.  In that time, Morton has received two checks, in the amount of $500.00. One of the two checks bounced, for insufficient funds.  It is upon, information and belief that Defendant knew at the time the check was written, that he did not have the requisite funds to honor the check, thus committing yet another fraud.  As stated supra, it is upon information and belief that Defendant's nominal attempts to remit payment were part of his fraudulent scheme to procure monies from Morton.

## THE PARTIES

11.     Plaintiff Morton is a Florida residence, who resides in the county of Palm Beach[1].

12.     Defendant, David Cohen is an individual whom resides in New York, Suffolk County.

13.     Defendant, Above All Beauty, LLC is a New York business entity, with an address of 600 North Bicycle Path, Unit C, Port Jefferson Station, New York, 11776.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties to this action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue in this Court is proper pursuant to 28 U.S.C. 1391.

11.     In connection with the acts and omissions alleged in this Complaint, the defendants directly and indirectly used means and instrumentalities of interstate commerce, including the

---

[1] Morton's address has been intentionally omitted.

United States mail, interstate telephone communications, and electronic mail transmitted through the Internet.

12. Upon information and belief, Defendants, concocted a scheme to prosper from Morton. The aforesaid scheme was devised of making false representations to Morton as to what her monies would be used for and how she would be repaid.

13. The scheme involved inducing Morton to make multiple loans to Defendants; to which Defendant benefited from, both individually and via his corporate structure. Moreover, at no time did Morton receive any benefit.

14. Defendant scheme utilized the Defendant's corporations to further their fraudulent activity, as further evidenced below.

15. On or about November 29, 2016, Defendants entered into a contract for a loan with Morton, in the amount of $130,000.00.

16. The material terms of the contract were verbal; however, payment was evidenced by Morton's two wire transfers, made payable to defendant.

17. Defendant, via his agents made representations to Morton, that Defendants would grant Plaintiff 50% equity in Beauty. However, as of late, Plaintiff has not received any documentation, or monies evidencing ownership of Beauty.

18. Morton has made multiple advances to Cohen totaling an aggregate of $130,000.00. And it is upon information and belief that Cohen has utilized certain fraudulent tactics to procure the monies from Morton, *inter alia,* giving Morton back a small sum of money, so Morton would advance additional monies.

19. It is upon information and belief of Morton, that Beauty is operating at a profit; specifically selling beauty supplies in CVS's across the country.

20. It is upon information and belief that Cohen's futile attempts to remit payment, were solely utilized as a ploy to attempt to forgo the inevitable litigation commenced herein.

21. It is upon information and belief, that Defendants intentionally bounced the second check of 500.00; all while knowing there was not enough monies in the account to honor the draft.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs I through 21 of this Complaint as if fully set forth herein.

25. An agent of Cohen on behalf of Beauty approached Morton and offered her an equity stake in the bossiness known as Beauty, for a sum certain.

26. That after substantial negotiations, and representations by Morton was fraudulently induced to accept Defendant's offer and make the advancement, in the amount of $130,000.00, for a purported 50% of the equity in Beauty.

27. The contract between Morton and Cohen was created by the parties' representations and dealings, as Cohen was obligated to perform certain activities pursuant to the parties' verbal agreement, which Cohen has failed to preform, *inter alia*, Cohen has failed to provide Morton with stock certificates, and/or profits from Beauty's provable sales.

28. Morton preformed all her obligations, pursuant to the contract; whereby she has advanced Cohen monies in the amount of one hundred and thirty thousand dollars, 130,000.00.

29. Defendant materially breached the contract when Defendant failed to either remit Morton's money and/or provide Morton with shares in Beauty; specifically, under the terms of the

agreement, Defendant was to provide Morton with 50% equity in the business known as Beauty, and has failed to do so.

30.     After several requests by Morton, Cohen has attempted to remit payment on two occasions. The first payment was in the amount of $500.00, made by way of check, which cleared Morton's account.   However, Cohen's second check of $500.00, just a few weeks later was returned as insufficient funds.

29.     As a direct and proximate result of Cohen's breach of the Contract, Morton has suffered damages in an amount of $130,000.00, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

## SECOND CAUSE OF ACTION
### (Fraudulent Inducement)

30.     Paragraphs 1 to 29 are incorporated as if fully set forth herein.  Plaintiffs repeats and realleges the allegations of the complaint as if set forth in full herein.

31.     At all times herein, beginning months before the actual date of the loan (November 29, 2016), Defendants, orally, coupled with specific performance fraudulently procured loan, from Morton, promising her that Morton would be a 50% equity owner in Beauty.

32.     Defendants, via agents, approached Morton on multiple occasions to solicit monies; whereby, fraudulently inducing Morton to make advancements of monies.

33.     Based on Defendant's verbal assertions, Morton was made to feel comfortable, to which is why she advanced the monies.

34.     Defendant was a person of dependable reputation and experience.  No factual or tangible documents were ever provided by the Defendants', or their agents allowing Morton to second guess, Defendants' fraudulent assertions.

35. It is upon information and belief, that at all relevant times, Defendants, had no intention to remit payment to Plaintiff.

36. Defendants, and their agents fraudulently misrepresented to Plaintiff's how Plaintiff would be repaid, as well as the timeframe to which payment would be remitted.

37. However, on multiple occasions after the loan was made, Defendants made multiple assurances that Morton's money would be repaid; specifically, in the form of Beauty equity, which they have failed to do.

38. Upon information and belief, the scheme was to utilize Morton's monies to finance a beauty supply in the north-east, and make every attempt to provide evidence to Morton to the contrary. Such, it is known by Morton that Defendants' have been operating and providing supplies to businesses in Nebraska, via a CVS.

39. Plaintiff detrimentally relied on the Defendant's representations of being becoming an equity partner, in Beauty, to which Morton had exceptional knowledge.

40. As a result of this fraudulent inducement, the Plaintiff was damaged for a total of $130,000.00, plus statutory interest, from November 2016 to present; and attorney fees and costs of litigation.

*Second Cause of Action*
*Intentional Misrepresentation*
*and Fraud*

41. Plaintiffs individually repeats, and realleges each and every allegation contained in paragraphs 1 to 40 with the same force and effect as if more fully set forth herein.

42. Defendants, misrepresented the terms of the agreement, and never remitted payment for the advanced monies, as promised, all the while knowing that there would be no such promise

to repay, causing Plaintiffs to rely on this misrepresentation so that Plaintiffs were damaged.  This was fraud.

43. According to Defendants and their agents, Morton would own 50% of Beauty for her capital contribution; however, as of late, Morton has neither procured monies and/or ownership of Beauty.

44. Due to Defendant's multiple misrepresentations, which were detrimentally relied on by Morton, Morton was induced to make the advancement, which thereby harmed her financially.

45. Defendants knew when making the misrepresentations, that the advancement of $130,000.00 could and would not be paid back to Morton. To the induce the Plaintiff to make said loan that: (i) the representations were false, and/or that the representations were made with a reckless disregard for the truth because Defendants never had any intention of remitting payment or ownership rights to Morton.

46. At relevant times upon Morton's request for payment, Defendant's ignored the same.

47. Defendants, and their agents, knew or should have reasonably known that the accuracy of the representations made and implied were false, because Defendants never had the financial ability to remit payment to Plaintiff.

48. Morton made multiple requests for payment, and received minimal payments for the same totaling about $500.00.

49. Plaintiff was cajoled along to make the advancement to Defendants with false promotion that were designed so that the monies would not be returned as promised.

50. Morton, specifically and reasonably relied on the truth of the representations made by Defendants' scheme. In the absence of these representations, Morton would not have

acquiesced to advance Defendants the $130,000.00.

51. Morton specifically and reasonably relied on the truth of the representations that the funds would be returned or she would receive equity in Beauty based on Defendants' misrepresentations.

52. These representations (and omissions) were material and essential, and Plaintiff was reasonable to rely on and consider the representations in choosing to advance the monies. Thus, Morton would not have advanced the monies to Defendants if the omitted facts had been fully disclosed.

53. It is upon further information and belief, that Defendant has also taken advantage of Morton's age as well as her lack of investor sophistication.

54. Defendants' deception by fraudulent and intentional misrepresentations was deliberately practiced, which allowed Defendants to unfairly gain an advantage over an elderly woman, Morton.

55. The misrepresentations and false representations were made directly by Defendants' and or their agents, in numerous meetings and other communications with Morton, orally.

56. Upon information and belief, Defendants concocted the forgoing scheme, so they could benefit, at the expense of Morton.

57. As a direct and proximate cause of Morton's reliance on these intentional and false misrepresentations, Morton has suffered damages and loss.


### Third Cause of Action
### (Negligent Misrepresentation)


58. Plaintiff individually repeats, and realleges each and every allegation contained in

paragraphs 1 to 57 with the same force and effect as if more fully set forth herein.

59. Defendants and their agents, negligently stated false representations to Morton that persuaded her to loan money to Defendants. These false representations included representations as set forth above.

60. Defendants and their agents, made many multiple assertions that Defendants knew how to run the Beauty supply business; thus, Defendant's knew what they were doing and would return Morton's money, via profits; inducing Morton to advance the monies.

61. These negligent representations were material and essential, and Morton was reasonable to rely on and consider the representations in choosing to advance monies to Defendants. Morton would not have loaned to the Defendant if the omitted facts had been fully disclosed; specifically, that Morton would not have been an equity owner.

62. Defendant understood that these negligent misrepresentations were directly linked to Morton's understanding, of what the monies would be used for.

63. Defendants owed a duty of care to act as a reasonable prudent partner to Morton under the loan because of the contractual and fiduciary obligations the Defendants owed to Morton.

64. The direct and proximate cause of the Defendant's negligent misrepresentations, resulted in Morton suffering actual damages and losses

### Fourth Cause of Action
### Conversion

65. Plaintiffs individually repeats, and realleges each and every allegation contained in paragraphs 1 to 64 with the same force and effect as if more fully set forth herein.

66. Cohen, by virtue of his control including the Business Entities, Beauty, is liable for conversion of the Morton's money.

67. Morton's property is currently and wrongfully in the exclusive control of the Cohen,

and/or Cohen's Business Entity, Beauty.

68. Wherein Defendants converted monies advanced to themselves for their own personal gain, and not for a bilateral benefit, which should have included Morton.

69. Cohen, invested Morton's monies and never intended to remit payment for the same.

70. Defendants utilized the monies procured by Morton, for their own benefit.

71. Defendants utilized the illegally procured advancement for their own gain, with no intention of repayment; solely for his own gratitude.

72. After gaining control of Morton's investment monies, there was never a good faith effort to remit payment, and the loan was granted only for the purpose of obtaining funds from the Morton, and intended for those purposes and converting them for the personal use of the Defendants.

73. Morton maintained a clear possessory interest in, and the right to possession of her property.  At all times, relevant Morton's property has been specifically identifiable.

74. At all times relevant, Defendants has been under the obligation to utilize Morton's monies for Morton's benefit.

75. Morton exercised his possessory interests in, and immediate rights to the return of her property by making numerous demands to the Defendants.

76. Defendant was obligated to grant Morton 50% ownership in Beauty but failed to do so.

77. Defendants, absconded with Morton's advancement, which constitutes the tort of conversion.

78. Defendants interfered with Plaintiff's possessory interests and rights by intentionally refusing to honor their obligations and refused to return Morton's monies.

79. At all times relevant, Defendant's actions are inconsistent with Defendants' obligations to

Morton and plainly interfere with Morton's possession and dominion over her monies.

### Fifth Cause of Action
### Breach of Fiduciary Duty

80. In New York, "In order to establish a breach of fiduciary duties, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct." *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590, 835 N.Y.S.2d 644 (2nd Dep't 2007); *see also Pokoik v. Pokoik*, 982 N.Y.S.2d 67, 70, 115 A.D.3d 428 (1st Dep't 2014).

81. "A fiduciary relationship exists between an agent and principal, signifying a relationship of trust and confidence whereby the agent is bound to exercise the utmost good faith and undivided loyalty toward the principal throughout the relationship." 2 Leon C. Lazer, et al., *New York Pattern Jury Instructions – Civil§* 3.59 (2d ed. 2006); *see also Sokoloff v. Harriman Estates Development Corp.*, 96 N.Y.2d 409, 416, 754 N.E.2d 184, 729 N.Y.S.2d 425 (N.Y. 2001); *Lamdin v. Broadway Surface Advertising Corp.*, 272 N.Y. 133, 138, 5 N.E.2d 66, 67 (N.Y. 1936); *In re Estate of Naumoff*, 301 A.D.2d 802, 803, 754 N.Y.S.2d 70 (3d Dep't 2003).

82. Among the agents who, in New York, owe fiduciary duties to a principal are an employee to the employer; a corporate officer or director to the corporation; a real estate broker to the owner of the real estate; and members of a partnership or joint venture to one another. *Duane Jones Co. v. Burke*, 306 N.Y. 172, 187-188, 117 N.E.2d 237 (N.Y. 1954) (employee to employer); *Luskin v. Seoane*, 226 A.D.2d 1144, 1145, 641 N.Y.S.2d 478 (4th Dep't 1996) (same); *Calabrese Bakeries, Inc. v. Rockland Bakery, Inc.*, 102 A.D.3d 1033, 1037-1038, 960 N.Y.S.2d 514 (3rd Dep't 2013) (corporate officers and directors to the corporation); *Precision Glass Tinting, Inc. v. Long*, 293 A.D.2d 594, 594-595, 740

N.Y.S.2d 138 (2nd Dep't 2002) (real estate broker to the owner of the real estate); *Gibbs v. Breed, Abbott & Morgan*, 271 A.D.2d 180, 184-185, 710 N.Y.S.2d 578 (1st Dep't 2000) (members of a partnership to one another); *Northern Shipping Funds I v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 102 (S.D.N.Y. 2013) (participants in a joint venture to one another).

83. Morton placed her trust and confidence in Defendants, at the time she entrusted Defendants with $130,000.00 of her monies.

84. The monies where advanced to Defendants based upon the parties' business relationship, as partners.

85. At all times relevant, from Defendants solicitation of Morton's monies Defendants owed Morton the duty of good faith and loyalty throughout the relationship.

86. Defendants have never acted in good faith, with Morton.

87. Defendants acted solely in their best interests, amounting to self-dealing.

88. That but for Defendants wrongful, malicious acts of self-dealing and the like, Morton would not have been harmed.

89. That Defendants willful and wonton acts are the proximate cause of Morton's injury.

90. That but for, Defendant's acts, Morton would have had her 130,000.00.

### Sixth Cause of Action
### Accounting

91. Pursuant to Partnership law, Section 44; "any partner has the right to an account, if[she] is wrongfully excluded from the partnership... "...whenever just and reasonable."

92. Morton and Defendants entered into a partnership when the parties agreed that Morton would own a 50% equity share in Beauty, for her $130,000.00-capital contribution.

93. At the time the parties entered into the agreement, Defendants owed Morton a duty to act in

good faith, and provide her with accounting upon reasonable request, and have failed to do so.

94. It is upon information and belief that Beauty is running at a profit.

95. It is upon information and belief that Beauty has substantial assets.

96. Morton has not received any profits from Beauty.

97. Morton has not received any financial documents from Beauty.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in its favor of on the above Count and against Defendants, Cohen and Beauty; awarding an accounting, compensation damages in the amount of 130,000.00;  along with cost of this action, attorney's fees and other relief the Court deems proper.

## PRAYER FOR
## RELIEF
WHEREFORE, Plaintiff respectfully request that the Court:

A.  Award Plaintiff compensatory damages in the amount of $130,000.00 as provided by law;

B.  Award Plaintiff punitive damages as proved by law;

C.  Award Plaintiff treble damages as provided by law;

D.  Demand an accounting of Defendants books;

E.  Impose a constructive trust in favor of Plaintiff, Morton on any assets Defendants, Cohen and Beauty may have;

F.  Order an accounting with respect to any assets that the Defendants controlled during all times relevant;

G.  Award Plaintiff reasonable attorneys' fees and costs; and

H. Award Plaintiff such other and further relief as the Court may deem just and

proper.

Respectfully Submitted,

Jeremy M. Iandolo, Esq.
Attorney for Plaintiff Lainie Morton
7621 13th Avenue,
Brooklyn NY 11228
718.305.172

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lainie Morton | David Cohen<br>Above All Beauty, LLC |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant   Suffolk |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| J. Iandolo Law, PC 7621 13th Avenue, Brooklyn NY 11228<br>718.305.1702/ 718.395.1732 fax | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Plaintiff was fraudulently induced into entering a contract, wired monies to Defendant and breach occured

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

| DEMAND $ | CHECK YES only if demanded in complaint: |
|---|---|
| 130,000.00 | JURY DEMAND:   ☒ Yes   ☐ No |

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/22/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____